IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CORRINE BROOMFIELD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. |
| v. | ) |
| | ) Removed from the Civil District |
| BAYER HEALTHCARE PHARMACEUTICALS, INC., et al., | ) Court for the Parish of Orleans, Div. M-13, Case No. 2019-5344 |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE Defendant Bracco Diagnostics Inc. ("BDI"), by and through undersigned counsel, with the consent of all defendants who have been properly joined and served in this action (attached as Exhibit 1), hereby removes this action from the Civil District Court for the Parish of Orleans, Louisiana to the United States District Court for the Eastern District of Louisiana, based both on diversity jurisdiction and jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of such removal, BDI states as follows:

**I.    JURISDICTION UNDER 28 U.S.C. § 1332(a)**

This Court has jurisdiction under 28 U.S.C. § 1332(a). In a putative class action, diversity jurisdiction requires complete diversity between the named parties and an amount in controversy greater than $75,000 for at least one named plaintiff. *See Belin v. Int'l Paper Co.,* No. CIV.A. 11-0215, 2011 WL 2559810, at *2 (W.D. La. June 28, 2011); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### A.     The procedural requirements for removal are satisfied

1. On May 20, 2019, plaintiffs Corrine Broomfield, Derossic Allen, Clemietean Appleberry, Pat Beaver, Carol Blackwell, Troy Blazio, Gregory Boudreaux, Michael Conerly, Dorothy Granier, Ruth Harris, Jeffrey Hollins, Edward Johnson, Jamarcus Monroe, Willie Montgomery, James Morgan, Brooklin Mouton, Ellis Price, Georgia Scott, Bernice Shelling, Michael Simon, Maxine Smith, Pamela Thibodeaux, and Wesleia Trench filed a Class Action Petition in the Civil District Court for the Parish of Orleans, Louisiana, which named BDI as a defendant.  Plaintiffs' action bears case number 2019-5344 (the "State Court Action").

2. BDI was served in the State Court Action on August 12, 2019.  Pursuant to 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is timely filed within 30 days after service upon BDI.

3. As required by 28 U.S.C. § 1446(a), a copy of Plaintiffs' Class Action Petition from the Civil District Court for the Parish of Orleans is attached hereto as Exhibit 2.  The remainder of the state court file is attached hereto as Exhibit 3, consisting of:

| Date | Document |
|---|---|
| 05/20/19 | Class Action Petition |
| 05/20/19 | Request for Trial by Jury |
| 08/06/19 | Letter from Attorney requesting service |
| 08/08/19 | Letter from Attorney requesting service |
| 08/06/19 | Citation and Service Copies – BDI |
| 08/07/19 | Citation and Service Copies – GE Healthcare Bio-Sciences |
| 08/07/19 | Citation and Service Copies – Guerbet LLC |
| 08/07/19 | Citation and Service Copies – Bayer Healthcare Pharmaceutical |
| 08/23/19 | Affidavit of Return Service – BDI |

4.      This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), because this is the United States District Court embracing the Civil District Court for the Parish of Orleans, Louisiana, where the State Court Action was pending.  *See* 28 U.S.C. § 98.

5.      In accordance with 28 U.S.C. § 1446(d), BDI will file or has filed written notice of its removal with the Clerk of the Civil District Court for the Parish of Orleans, Louisiana.  A copy of this Notice of Removal and the written notice of the same also are being served, concurrently herewith, upon Plaintiffs.

6.      All defendants who have been served in the state action consent to this removal.

**B.     Complete diversity of citizenship exists**

7.      According to paragraph 1 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Corrine Broomfield was and is an individual resident and citizen of the State of Louisiana.

8.      According to paragraph 2 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Derossic Allen was and is an individual resident and citizen of the State of Louisiana.

9.      According to paragraph 3 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Clemietean Appleberry was and is an individual resident and citizen of the State of Louisiana.

10.     According to paragraph 4 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Pat Beaver was and is an individual resident and citizen of the State of Louisiana.

11. According to paragraph 5 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Carol Blackwell was and is an individual resident and citizen of the State of Louisiana.

12. According to paragraph 6 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Troy Blazio was and is an individual resident and citizen of the State of Louisiana.

13. According to paragraph 7 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Gregory Boudreaux was and is an individual resident and citizen of the State of Louisiana.

14. According to paragraph 8 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Michael Conerly was and is an individual resident and citizen of the State of Louisiana.

15. According to paragraph 9 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Dorothy Granier was and is an individual resident and citizen of the State of Louisiana.

16. According to paragraph 10 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Ruth Harris was and is an individual resident and citizen of the State of Louisiana.

17. According to paragraph 11 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Jeffrey Hollins was and is an individual resident and citizen of the State of Louisiana.

18. According to paragraph 12 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Edward Johnson was and is an individual resident and citizen of the State of Louisiana.

19. According to paragraph 13 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Jamarcus Monroe was and is an individual resident and citizen of the State of Louisiana.

20. According to paragraph 14 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Willie Montgomery was and is an individual resident and citizen of the State of Louisiana.

21. According to paragraph 15 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff James Morgan was and is an individual resident and citizen of the State of Louisiana.

22. According to paragraph 16 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Brooklin Mouton was and is an individual resident and citizen of the State of Louisiana.

23. According to paragraph 17 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Ellis Price was and is an individual resident and citizen of the State of Louisiana.

24. According to paragraph 18 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Georgia Scott was and is an individual resident and citizen of the State of Louisiana.

25. According to paragraph 19 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Bernice Shelling was and is an individual resident and citizen of the State of Louisiana.

26. According to paragraph 20 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Michael Simon was and is an individual resident and citizen of the State of Louisiana.

27. According to paragraph 21 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Maxine Smith was and is an individual resident and citizen of the State of Louisiana.

28. According to paragraph 22 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Pamela Thibodeaux was and is an individual resident and citizen of the State of Louisiana.

29. According to paragraph 23 of the Petition, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Wesleia Trench was and is an individual resident and citizen of the State of Louisiana.

30. At the time this action was filed and at the time this Notice of Removal is filed, BDI was and is a corporation organized under the laws of Delaware, with its principal place of business in New Jersey. Accordingly, BDI is a citizen of Delaware and New Jersey for purposes of determining this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

31. At the time this action was filed and at the time this Notice of Removal is filed, defendant Bayer Healthcare Pharmaceuticals, Inc., was and is a Delaware corporation with its principal place of business in New Jersey. Accordingly, Bayer

Healthcare Pharmaceuticals, Inc. is a citizen of Delaware and New Jersey for purposes of determining this Court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(c).

32. At the time this action was filed and at the time this Notice of Removal is filed, defendant GE Healthcare Inc. was and is a Delaware corporation with its principal place of business in Massachusetts.  Accordingly, GE Healthcare Inc. is a citizen of Delaware and Massachusetts for purposes of determining this Court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(c).

33. At the time this action was filed and at the time this Notice of Removal is filed, defendant General Electric Company was and is a New York corporation with its principal place of business in New York.  Accordingly, General Electric Company is a citizen of New York for purposes of determining this Court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(c).

34. At the time this action was filed and at the time this Notice of Removal is filed, defendant Guerbet, LLC is a Delaware limited liability company with its principal place of business in New Jersey.  The sole member of Guerbet is Guerbet North America, LLC.  Guerbet North America, LLC is a limited liability company organized under the laws of Delaware. The sole member of Guerbet North America is Guerbet S.A., a publicly traded company organized under the laws of France.  Guerbet S.A.'s principal place of business is in Villepinte, France.  Accordingly, the ultimate member of Guerbet, LLC is and was a citizen of France.  At the time this action was filed and at the time this Notice of Removal is filed, none of defendant Guerbet, LLC's members is or was incorporated in Louisiana, has or had a principal place of business in Louisiana, or

has or had any member that is or was incorporated in or has or had a principal place of business in Louisiana.

35.     There is complete diversity of citizenship between the plaintiffs and the defendants.

**C.     The amount in controversy exceeds $75,000**

36.     Defendants deny Plaintiffs' substantive allegations and deny that Plaintiffs are entitled to any of the relief sought in the Petition, and do not waive any defense with respect to any of Plaintiffs' claims.  Nonetheless, for these purposes, the amount in controversy is determined by accepting Plaintiffs' allegations as true.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50 (2014) ("The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith.  Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court."); *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself.")  The Fifth Circuit has confirmed that removal is proper if it is "facially apparent" that the asserted claims exceed the jurisdictional amount.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

37.     Here, without admitting liability or conceding that the plaintiffs are, in fact, entitled to recover any damages, BDI states that each of the 23 named plaintiffs allege that they suffer from or are "at risk for developing" "gadolinium deposition disease," which they allege causes "persistent" and "progressive" symptoms, including headaches, bone and joint pain, clouded mental ability, and soft tissue thickening.

Petition, Ex. 1, ¶¶ 36, 41.  Plaintiffs contend that they are "at risk for severe physical pain and suffering, mental anguish, and emotional distress," and have incurred or will incur medical expenses and other economic damages.  Petition, Ex. 1, ¶¶ 44-45.  Plaintiffs each seek damages for medical costs and expenses; medical monitoring; lost wages; past, present, and future pain, suffering, and mental anguish; hedonic damages, punitive damages, and attorneys' fees.  *See id.* at ¶ 80.

38.  It is apparent from the nature of the personal injuries alleged by plaintiffs in the Petition that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, as to each of the plaintiffs.  *See* 28 U.S.C. § 1332(a).

39.  Because there is complete diversity between plaintiffs and defendants, and the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, diversity jurisdiction exists in this action.

## II.  JURISDICTION UNDER CAFA

40.  Jurisdiction also exists pursuant to CAFA, which provides federal jurisdiction over class actions "where the proposed class is at least 100 members, minimal diversity exists between the parties, the amount in controversy is greater than $5,000,000, and the primary defendants are not states, state officials, or other government entities." *See Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016); 28 U.S.C. § 1332(d)(2).

### A.  This suit is a "class action" under CAFA

41.  While all defendants dispute Plaintiffs' ability to pursue this suit as a class action, the suit nonetheless qualifies as a "class action" removable under CAFA.

42. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

43. This suit was "filed under" the Louisiana state statute "authorizing an action to be brought by 1 or more representative persons as a class action." *See id.* The Petition is titled "Class Action Petition," refers to "Putative Class members," refers to the named plaintiffs as "Representative Plaintiffs," and defines a putative "Plaintiffs Class." Petition, Ex. 1, p. 1 & ¶¶ 1-25. It also makes explicit reference to Louisiana Code of Civil Procedure Article 591, Louisiana's rule governing class actions, which the Fifth Circuit has held to bring a case within CAFA's ambit. *See In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008); Petition, Ex. 1, ¶¶ 70-79 (citing La. C.C.P. art. 591).

**B.     The putative class includes over 100 members**

44. While all defendants deny the allegations of the Petition, and assert that no putative class should be certified, the putative class presented in the Petition includes more than 100 members.

45. Plaintiffs attempt to represent a class of "[a]ll natural persons who are/were residents of the State of Louisiana, and who were injected at least once with a linear gadolinium based contrast agent." Petition, Ex. 1, ¶ 25. In the Petition, Plaintiffs allege that the number of "[c]lass members [is] **in the thousands**." Petition, Ex. 1, ¶ 71 (emphasis added).

46. Because Plaintiffs allege that class members number "in the thousands," Petition, Ex. 1, ¶ 71, the putative class defined in the Petition includes more than 100 members.

### C. The parties are minimally diverse

47. CAFA requires "minimal diversity," which means "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

48. In this case, no defendant is a citizen of the same state as any plaintiff, which means the parties are completely diverse. *See* Sec. I.B, *supra*. Because the parties are completely diverse, they are also "minimally diverse."

49. As described above in connection with the discussion of complete diversity, none of the defendants is a citizen of Louisiana. *See generally* ¶¶ 30 - 35.

50. All representative plaintiffs, including Corrine Broomfield, are citizens of Louisiana. *See, e.g.*, Petition, Ex. 1, ¶¶ 1-23.

51. Because the class definition includes all persons who "are" "residents of the State of Louisiana" who have used a linear GBCA, it includes additional persons who are citizens of Louisiana. *See* Petition, Ex. 1, ¶ 25.

52. Accordingly, each defendant is "a citizen of a State different from" multiple plaintiffs and members of the putative class. *See* 28 U.S.C. § 1332(d)(2)(A).

### D. The amount in controversy exceeds $5 million

53. CAFA allows removing parties to aggregate the claims of individual class members to determine if the amount in controversy exceeds the "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also*

*Frazier v. Pioneer Am. LLC*, 455 F.3d 542 (5th Cir. 2006). While the defendants deny that plaintiffs are entitled to any recovery, the amount in controversy exceeds this required threshold.

54.     Although the Petition does not include a specific damages amount pursuant to Louisiana law, *Gaudet v. Am. Home Shield Corp.*, 2012 WL 601884, at *2 (E.D. La. Feb. 23, 2012), it is "facially apparent" that the amount-in-controversy requirement is satisfied. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

55.     Plaintiffs allege that "[c]lass members are in the thousands," which means they claim a bare minimum of 2,000 class members. Petition, Ex. 1 ¶ 71.

56.     As noted, it is facially apparent that each named class member asserts a minimum of $75,000 in damages. *See* Sec. I.C *supra*. Each of the 23 named plaintiffs allege that they suffer from or are "at risk for developing" "gadolinium deposition disease," which they allege causes "persistent" and "progressive" symptoms, including headaches, bone and joint pain, clouded mental ability, and soft tissue thickening. Petition, Ex. 1, ¶¶ 36, 41.  Plaintiffs contend that they are "at risk for severe physical pain and suffering, mental anguish, and emotional distress," and have incurred or will incur medical expenses and other economic damages.  Petition, Ex. 1, ¶¶ 44-45. Plaintiffs each seek damages for medical costs and expenses; medical monitoring; lost wages; past, present, and future pain, suffering, and mental anguish; hedonic damages, punitive damages, and attorneys' fees.  *See id.* at ¶ 80.

57.     Although all defendants deny that the named plaintiffs make claims that are "typical" of any person who has used GBCAs, the Petition alleges that "[t]he claims

of the Representative Plaintiffs . . . are typical of the claims of the proposed Class." Petition, Ex. 1, ¶ 73.

58. Because Plaintiffs allege that at least 2,000 class members will assert claims, with each class member placing over $75,000 in controversy, the Petition places over $5 million in controversy.

59. Further, because the class includes at least 2,000 people, a damage award of $2,500 for each class member is sufficient to reach $5 million in controversy. As described above, given the alleged nature and extent of plaintiffs' alleged injuries, it is facially apparent from the Petition that each class member avers at least $2,500 in damages.

60. Further, the Petition requests "attorneys' fees" and "[p]unitive . . . damages," which may be included to satisfy CAFA's amount-in-controversy requirement. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006); *Kyzar v. Am. Nat'l Prop. & Cas. Co.*, No. CV 15-527-SDD-SCR, 2015 WL 8488981, at *3 (M.D. La. Nov. 19, 2015), *report and recommendation adopted,* No. CV 15-527-SDD-SCR, 2015 WL 8493989 (M.D. La. Dec. 10, 2015).

61. Given the size of the putative class, the damages claimed by each plaintiff, and requests for attorneys' fees and punitive damages, over $5 million is in controversy.

**E.    All other CAFA requirements are satisfied**

62. This action does not fall within any exclusion to jurisdiction in 28 U.S.C. § 1332(d).

63. No defendant is a state, state official, or other government entity. *See* 28 U.S.C. § 1332(d)(5).

64. The exceptions to jurisdiction in 28 U.S.C. § 1332(d)(3) and (d)(4) do not apply because, *inter alia*, no defendant is a citizen of Louisiana, the state where this action was filed.

65. Plaintiffs do not raise any claims described in 28 U.S.C. § 1332(d)(9).

### III.   REQUEST FOR JURISDICTIONAL DISCOVERY, HEARING

66. BDI recognizes that plaintiffs may contest this removal.  If so, BDI requests a hearing on the issue of this Court's jurisdiction and the opportunity to present evidence that demonstrates the existence of federal diversity jurisdiction.

67. Further, if plaintiffs contest this Court's jurisdiction, BDI requests the right to conduct discovery limited to the jurisdictional facts.

WHEREFORE, Defendant Bracco Diagnostics Inc. respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Should any issue arise as to the propriety of this removal, Bracco Diagnostics Inc. respectfully requests the opportunity to provide briefing and oral argument on the same.

Respectfully Submitted,

*/s/ Rachel G. Webre*
Rachel G. Webre
Gieger, Laborde & Laperouse, LLC
One Shell Square
701 Poydras St., Ste. 4800
New Orleans, LA 70139-4800
504.561.0400
rwebre@glllaw.com

-and-

Thomas N. Sterchi
(*Pro Hac Vice* forthcoming)
Paul S. Penticuff
(*Pro Hac Vice* forthcoming)
Baker Sterchi Cowden & Rice LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
Fax:(816) 472-0288
sterchi@bscr-law.com
penticuff@bscr-law.com

**ATTORNEYS FOR DEFENDANT
BRACCO DIAGNOSTICS INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of September, 2019, the foregoing was electronically filed with the Clerk of the Court using this Court's CM/ECF system, and that a copy was served via electronic mail to the following parties of record:

| | |
|---|---|
| Joseph M. Bruno | Betsy Barnes |
| Daniel A. Meyer | Richard Root |
| Markata S. Hawkins | John Enochs |
| Don D. Reichert | Lauren E. Godshall |
| Bruno & Bruno, LLP | Morris Bart LLC |
| 855 Baronne Street | 601 Poydras St., 24th Fl.oor |
| New Orleans, LA 70113 | New Orleans, LA 70130 |
| 504.525.1335 | 504.599.3373 |
| Fax: 504.461.6775 | Fax: 504.599.3392 |
| jbruno@brunobrunolaw.com | bbarnes@morrisbart.com |
| dmeyer@brunobrunolaw.com | rroot@morrisbart.com |
| mhawkins@brunobrunolaw.com | jenochs@morrisbart.com |
| don@brunobrunolaw.com | lgodshall@morrisbart.com |

*/s/ Rachel G. Webre*